IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shannon Maurice Smith, Jr., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 9:21-cv-02915-TMC |
| Director Randy Demory and Kristi Schuler, *Mail Secretary*,[1] | ) ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Shannon Maurice Smith, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (ECF Nos. 1; 2; 10). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 27, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 33). A few days later, Defendant Randy Demory ("Defendant") also filed a motion for summary judgment. (ECF No. 34). Both Plaintiff and Defendant filed responses in opposition to the respective motions for summary judgment, (ECF Nos. 37; 38), and on March 14, 2022, Defendant filed a reply in support of his motion (ECF No. 39).

---

[1] Plaintiff's complaint names both Randy Demory and Kristi Schuler as defendants to this action and the Summonses for both defendants were served on the Front Desk Detention Deputy at the Hill-Finklea Detention Center. *See* (ECF Nos. 1; 13 at 2). However, Defendant Demory noted in both his answer to the complaint and his Motion for Summary Judgment that there is no employee named "Kristi Schuler" at the Hill-Finklea Detention Center. (ECF Nos. 16 at 1 n.1; 34 at 1 n.1). Based on these statements, it appears that Defendant Kristi Schuler has not been properly identified and served. Further, Plaintiff has neither disputed these statements by Defendant Demory, nor has he provided any evidence to the contrary. *See* (ECF No. 38). Moreover, in his own motion seeking summary judgment as to all claims in the complaint, Plaintiff only addresses the alleged actions of Defendant Demory and makes no mention of Kristi Schuler at all. *See* (ECF No. 33). Accordingly, the court finds that Plaintiff has abandoned any claims against Kristi Schuler and, to the extent such claims are not abandoned, Kristi Schuler is properly dismissed as a defendant to this action without prejudice pursuant to Fed. R. Civ. P. 4(m).

1

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Defendant's motion for summary judgment and deny Plaintiff's motion. (ECF No. 43). Plaintiff filed objections to the Report on July 8, 2022 (ECF No. 45), and Defendant filed a reply in opposition to Plaintiff's objections (ECF Nos. 46; 47). Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v.*

*Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'")).

## DISCUSSION

### I.     Magistrate Judge's Report

In her Report, the magistrate judge recommends granting Defendant's motion for summary judgment (ECF No. 34) and denying Plaintiff's motion (ECF No. 33). (ECF No. 43 at 6, 22). As the magistrate judge noted, Plaintiff asserts claims against Defendant relating to medical treatment,

the conditions of his confinement, and retaliation, all of which stem from his time at Hill-Finklea Detention Center. *See id*. at 1, 2; *see also* (ECF No. 1 at 2, 4–5, 7–15). After summarizing Plaintiff's allegations and claims against Defendant, the magistrate judge set forth the proper standard of review governing motions for summary judgment. (ECF No. 43 at 4 (citing Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323, 324 (1986))).

Having discussed the proper standard of review, the magistrate judge began addressing Plaintiff's claims. *Id*. at 6. While the magistrate judge noted that the specific claims Plaintiff seeks to raise are "somewhat difficult to discern," the magistrate judge determined that "his allegations of constitutional violations are rooted in the following theories":

> The first three alleged violations are medically related; specifically, Plaintiff contends that he was not provided orthopedic tennis shoes, that he was not sent to an eye doctor despite needing eye care, and that his mental health is being ignored. Next, Plaintiff argues that he was impermissibly punished when he was placed in a restrictive housing unit in violation of his due process rights. Finally, Plaintiff alleges that he was retaliated against.

*Id*. (internal footnote omitted). While Plaintiff seeks summary judgment as to each of these claims, *see* (ECF No. 33), Defendant's counter motion for summary judgment asserts that Plaintiff has failed to show any constitutional violations, *see* (ECF No. 34).

As an initial matter, the magistrate judge noted that Defendant was sued in both his individual and official capacities and that any claim asserted against Defendant in his official capacity is barred by the Eleventh Amendment. (ECF No. 43 at 6). Furthermore, pursuant to § 1983, Defendant Demory, acting in his official capacity, is not considered a "person" amenable to suit. *Id*. at 7 n.4. Therefore, the magistrate judge recommended that summary judgment be granted as to all claims against Defendant in his official capacity. *Id*. at 7.

The magistrate judge then turned to consider the claims against Defendant in his individual capacity, beginning with Plaintiff's allegations that he was denied medical care in violation of the

Fourteenth Amendment. *Id*. at 7–15. The magistrate judge recognized that, in order to establish a claim under § 1983, "Plaintiff must make (1) a subjective showing that Defendants were deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious." *Id*. at 8 (citing *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). Additionally, "[t]he subjective prong of deliberate indifference is a 'very high standard' and merely negligent behaviors do not need the subjective mens rea requirement." *Id*. (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001)). In order to satisfy this high burden, "'[f]irst, *actual knowledge of the risk of harm* to the inmate is required' and, second, 'the officer must *also* have recognized that *his actions were insufficient* to mitigate the risk of harm to the inmate arising from his medical needs.'" *Id*. (quoting *Iko*, 535 F.3d at 241) (emphasis in original). To establish the objective prong, Plaintiff must show "a 'serious medical need . . . that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id*. at 9 (quoting *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017)).

In this case, the magistrate judge found that Plaintiff had failed to satisfy both the subjective and objective prongs for each of his deliberate indifference claims. *See id*. at 9–15. As to Plaintiff's allegation that Defendant failed to provide him with orthopedic shoes, the magistrate judge noted that "[t]here is no indication in the medical records that a doctor prescribed specific orthopedic shoes or recommended any specific shoe for Plaintiff[,]" and found that Defendant "cannot be said . . . [to have been] deliberately indifferent to Plaintiff's medical needs where Plaintiff himself has made no effort to exhaust the necessary steps in order to obtain suitable shoes." *Id*. at 9, 10. Similarly, with respect to Plaintiff's claim that he was denied access to an outside eye doctor, the magistrate judge found there is no evidence in the record to support

5

Plaintiff's allegation because "Plaintiff has not shown, much less argued, that denying him an outside consult by an eye doctor placed him at any significant risk of physical harm, nor has he shown he suffered from an acute problem needing immediate medical intervention." *Id*. at 11. Additionally, the magistrate judge noted that, "as a practical matter, Plaintiff has not shown that Defendant Demory denied him the outside ophthalmology consult[,]" and, in this case, "the record indicates that the health manager reviewed the referral and found that Plaintiff did not qualify for an outside visit" such that Plaintiff's claim amounts to nothing more than "disagree[ment] with his course of treatment, which does not rise to the level of deliberate indifference." *Id*. at 12. Finally, regarding Plaintiff's claim that Defendant was deliberately indifferent to his mental health needs, the magistrate judge noted first that Defendant is not a medical professional and is, therefore, entitled to rely on the expertise of medical providers. *Id*. at 13–14. The magistrate judge found that, in this case, "the medical evidence . . . shows that Plaintiff is regularly evaluated and monitored by mental health services" and "[t]here is no evidence to suggest Defendant Demory has interfered with Plaintiff's mental health services." *Id*. at 14. Further, the magistrate judge found that there is no evidence of "excessive risk to [Plaintiff's] mental health from his housing restrictions" and, even if there was, "Plaintiff has failed to point to evidence showing that Defendant Demory was subjectively aware of that excessive risk." *Id*. Accordingly, the magistrate judge recommended the court grant summary judgment as to all three of Plaintiff's deliberate indifference claims. *Id*. at 10, 13, 15.

Next, the magistrate judge considered claim that Defendant violated his due process rights based on Plaintiff's allegations that he was impermissibly punished by being placed in a restrictive housing unit, which limited his time out of his cell and required him to be in four-point restraints when outside his cell. *Id*. at 15–18. As the magistrate judge recognized, "[t]he level of procedural

6

protections due 'varies according to whether a restriction was imposed for disciplinary or administrative purposes.'" *Id*. at 16 (quoting *Williamson v. Stirling*, 912 F.3d 154, 175 (4th Cir. 2018)).  Thus, to establish a substantive due process challenge, Plaintiff "must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred."  *Id*. at 15 (citing *Williamson*, 912 F.3d at 178).  Similarly, to establish a procedural due process claim for restrictions imposed as a disciplinary measure, Plaintiff must show that Defendant failed to provide him with "notice, a hearing, and a written explanation of the disciplinary action taken."  *Id*. at 16 (citing *Williamson*, 912 F.3d at 176).  On the other hand, for restrictions imposed for administrative purposes, including for managerial and security needs, less process is required and detainees are only owed "some notice of the proposed action[,] . . . an opportunity to present [their] views[,] . . . [and] periodic review of [their] confinement."  *Id*. (citing *Williamson*, 912 F.3d at 175–77).

Applying these standards, the magistrate judge determined that Plaintiff failed to establish either a substantive or procedural due process violation.  *Id*. at 16.  The magistrate judge noted that the evidence in the record establishes "Plaintiff was administratively placed in restrictive housing because of his consistent commission of serious disciplinary violations[,] . . . including assaulting detention center officers, assaulting other inmates, inciting a riot, attempting to bribe staff members, possession of contraband, and a myriad of other violations."  *Id*. at 16–17.  Indeed, Defendant attested in an affidavit "that the restrictions on Plaintiff's housing were intended to preserve the safety and orderly operation of the general population[,]" and the record confirms that "Plaintiff was informed of why he was placed in restrictive housing via memoranda dated November 15, 2019, and April 21, 2020."  *Id*. at 17 (citing ECF Nos. 34-5 at 1, 2; 34-6; 34-7).

The magistrate judge also noted that these memoranda "informed [Plaintiff] that the detention center would periodically review his placement in restrictive housing and that he could be returned to general population if he was deemed not a security risk." *Id*. (citing ECF Nos. 34-6; 34-7). Accordingly, the magistrate judge found that Plaintiff failed to establish a substantive due process claim because "the individually-imposed restriction of moving Plaintiff into restricted housing was an administrative measure aimed to preserve the safety and orderly operation of [the detention center] . . . [which] is not unconstitutional 'punishment.'" *Id*. "Moreover, Plaintiff has failed to show, much less allege, that the administrative measure here was excessive or arbitrary, such that it rose to the level of prohibited punishment" and, "[c]onsequently, no reasonable juror could view Plaintiff's placement into restricted housing as 'so disproportionate, gratuitous, or arbitrary' that it violated his substantive due process guarantees." *Id*. at 17–18. Likewise, the magistrate judge found that Plaintiff failed to establish any procedural due process violation because "[he] was informed why he was being placed in restrictive housing and was given periodic review of that placement." *Id*. at 18. The magistrate judge concluded, therefore, that Plaintiff "has not shown that Defendant Demory failed to follow proper procedural guarantees in placing him there." *Id*. Accordingly, the magistrate judge recommended the court grant summary judgment for Defendant as to Plaintiff's due process claim. *Id*.

With regard to Plaintiff's claim for retaliation, the magistrate judge noted that "Plaintiff does not point to a specific retaliatory act, but rather generally alleges that all of the various alleged constitutional violations committed by Defendant Demory were done in retaliation for filing grievances and/or previous lawsuits." *Id*. In order to establish a claim for First Amendment retaliation under § 1983, Plaintiff must prove that (1) he engaged in an activity constitutionally protected by the First Amendment; (2) Defendant took action which adversely affected that

8

protected activity; and (3) there exists a causal relationship between Plaintiff's protected activity and Defendant's conduct. *Id*. at 19 (citing *Booker v. S.C. Dep't of Corrs.*, 855 F.3d 533, 537 (4th Cir. 2017); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000)). In order to establish the second prong of this test—that the plaintiff suffered an adverse action—the defendant's alleged retaliatory conduct must be such that it "'would likely deter a person of ordinary firmness from the exercise of First Amendment rights.'" *Id*. (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005)). Additionally, to satisfy the causation prong "'it is not enough that the protected expression played a role or was a motivating factor in the retaliation; claimant must show that "but for" the protected expression the government official would not have taken the alleged retaliatory action.'" *Id*. (quoting *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir. 1990)).

In this case, while the magistrate judge noted that Plaintiff did engage in a constitutionally protected activity by filing grievances and lawsuits, she ultimately concluded that Plaintiff could not satisfy the second and third prongs of adverse effect and causation to survive summary judgment. *Id*. As an initial matter, the magistrate judge properly recognized that "Plaintiff's apparent allegation that *everything* that Defendant Demory did was retaliatory is not sufficient to survive summary judgment." *Id*. at 20 (emphasis in original). Moreover, "Plaintiff has failed to show that Defendant Demory acted personally in a number of alleged constitutional violations, which necessarily precludes a retaliation claim against him in those instances." *Id*. Nevertheless, liberally construing Plaintiff's filings and viewing the evidence in the light most favorable to Plaintiff, the magistrate judge assumed that Plaintiff could establish an adverse effect based on Defendant's placement of Plaintiff into restrictive housing. *Id*. However, even still, the magistrate judge concluded that Plaintiff could not establish a causal connection between his filing any

grievances or lawsuits and his transfer to restrictive housing, particularly in light of the fact that "the only evidence before the Court shows the movement of Plaintiff into restrictive housing was an administrative measure aimed to preserve the safety and orderly operation of the detention center." *Id*. at 20–21. Thus, because "Plaintiff's conclusory allegations are insufficient to sustain his retaliation claims" and "no reasonable jury could find that the Defendant . . . retaliated against Plaintiff[,]" the magistrate judge recommended the court grant summary judgment for Defendant on this claim. *Id*. at 21.

Finally, the magistrate judge noted that Plaintiff's complaint attempts to assert various other claims against Defendant, including for failure to protect, issues with the mailroom, and deprivation of personal property. *Id*. However, the magistrate judge noted that, "[w]ith regard to all of those claims, Plaintiff has not shown that Defendant Demory acted personally in any of these alleged instances in the record." *Id*. Furthermore, "outside of the conclusory allegations in the pleadings, there is no evidence before the Court to support Plaintiff's general allegations that Defendant Demory violated his rights." Id. at 22. Therefore, the magistrate judge recommended summary judgment be granted to Defendant for all remaining claims set forth in the complaint. *Id*.

## II.     Plaintiff's Objections

Plaintiff filed his objections to the Report on July 8, 2022. (ECF No. 45). Plaintiff's first objection asserts that, with respect to his due process claims, the magistrate judge erred by relying on the list of Plaintiff's disciplinary infractions submitted by Defendant, which Plaintiff maintains was "fabricated." *Id*. at 1. Specifically, Plaintiff asserts that he "submitted 3 contradictory list[s] that show[] blatantly that not only do[es] each list have a different amount of infractions, they [sic] are also write ups for days [he] was not even in this jail, also the dates for certain infractions are

different on each list." *Id*. Plaintiff argues, therefore, that the magistrate judge erred by considering any of those lists as evidence. *Id*. Plaintiff also argues that he submitted all the write-ups of which he had knowledge and which he signed, which he asserts is "less than half of those on any list submitted falsely by the defendant." *Id*.

As an initial matter, the court notes that it is unclear from Plaintiff's objection whether he asserts the magistrate judge erred by considering the memoranda and lists of infractions and rule violations submitted by Defendant, (ECF Nos. 34-6 at 1; 34-7; 34-8; 34-10), or the allegedly contradictory lists and evidence that Plaintiff submitted in support of his motion for summary judgment, (ECF No. 33-1 at 39–40, 47, 49–50, 54–56). However, even if the court were to disregard the evidence of disciplinary infractions and rule violations submitted by either party, it would not alter the court's analysis because both parties submitted substantial evidence highlighting Plaintiff's extensive record of violating (often through violence) the rules of the detention center. Moreover, the court finds no evidence of contradictory dates or information to support Plaintiff's allegations that Defendant fabricated his inmate disciplinary record. Therefore, Plaintiff's first objection is overruled.

The remainder of Plaintiff's objections merely repeat arguments set forth in Plaintiff's briefs which have already been fully addressed in the magistrate judge's Report and fail to specify any error in the magistrate judge's findings or conclusions therein. Restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, CA No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012). Furthermore, liberally construing these assertions, Plaintiff's remaining objections amount to nothing more than a statement of his disagreement with the magistrate judge's conclusions. It is well-settled that objections which "merely express disagreement with the magistrate judge's

11

Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the remainder of the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662. Finding none, the court overrules Plaintiff's objections thereto.

## CONCLUSION

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. Therefore, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 43), which is incorporated herein by reference. Accordingly, the court **GRANTS** Defendant's motion for summary judgment (ECF No. 34) and **DENIES** Plaintiff's motion for summary judgment (ECF No. 33).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 24, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.